UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK OLMSTEAD,<br><br>                        Plaintiff,<br>    v.<br><br>THOMAS MODLY, Acting Secretary of the Navy,<br><br>                        Defendant. | CASE NO. C18-5989 RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's[1] Motion for Partial Summary Judgment. Dkt. 18. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. For the reasons set forth below, Defendant's Motion for Partial Summary Judgment should be granted.

---

[1] Thomas Modly is now Acting Secretary of the Navy. Dkt. 18, at 1. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted as the proper party.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

Plaintiff is a civilian employee of the Department of the Navy ("Navy"). Dkt. 12. Plaintiff worked for the Navy from 1976 until 1992, when he resigned after winning the lottery. Dkt. 12. Plaintiff currently works for the Navy at the Puget Sound Naval Shipyard, having started again in 2006. Dkt. 12. Plaintiff alleges that he was discriminated against based on his age and disability. Dkt. 12. The operative complaint includes, in part, a failure to accommodate claim against Defendant under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, *et seq*. Dkt. 12.

In 2014, Plaintiff worked as a Nuclear Test Temporary Pipefitter Supervisor I ("NT Supervisor"). Dkt. 12, at 3. Plaintiff was assigned to work the swing shift in Building 856, Shop 56, which is a pipefitting shop. Dkt. 12, at 3. Plaintiff allegedly provided medical documentation to Defendant explaining that Plaintiff had a permanent medical condition due to his use of blood thinners. Dkt. 12. Plaintiff explained to Defendant that, to continue to perform his job, he would need a reasonable accommodation. Dkt. 12. Plaintiff allegedly requested that he be assigned to work in areas and on shifts that would not include assigning him to work onboard ships or submarines. Dkt. 12, at 3. Defendant allegedly granted his request for a reasonable accommodation by assigning him to work as a NT Supervisor in Building 856 on swing and rear shifts. Dkt 12, at 3.

Plaintiff alleges that the Navy forced him to take a test to qualify for the Contamination Control Supervisor Qualification ("Supervisor Qualification"). Dkt. 18. Plaintiff apparently had previously held the Supervisor Qualification, but it had lapsed, and Plaintiff failed multiple attempts to pass the Supervisor Qualification test. Dkts. 18; and 20. Plaintiff alleges that

"Defendant refused to keep Plaintiff in his position as NT Supervisor assigned to Building 856 for swing and rear shifts without [a Supervisor Qualification] as a reasonable accommodation." Dkt. 12, at 4. Plaintiff alleges that the Navy demoted Plaintiff from his supervisor position and reassigned Plaintiff to day shift, resulting in severe financial loss and detriment to Plaintiff's career. Dkt. 12, at 4. Plaintiff contends that, as an NT Supervisor in Building 856, he was not required to work with radiological materials and did not need a Supervisor Qualification. Dkts. 12; and 24.

Plaintiff alleges that, on December 17, 2014, Defendant denied Plaintiff a reasonable accommodation and required him to take the Supervisor Qualification exam, which he did not pass. Dkt. 12. On March 30, 2015, Defendant terminated Plaintiff's temporary promotion as NT Supervisor and reassigned him to day shift from swing shift. Dkt. 12.

**B. PROCEDURAL HISTORY**

On April 8, 2015, Plaintiff requested Equal Employment Opportunity Counseling. Dkt. 22. On July 23, 2015, Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC). Dkt. 22. On September 21, 2018, the EEOC issued an Administrative Judge's ("AJ") decision that Plaintiff had not been discriminated against as alleged. Dkt. 22. On September 26, 2018, the Navy issued its Final Agency Decision, which provided that the Navy had received the AJ's decision and that it "will be fully implemented as the Department of the Navy's final action in this matter." Dkt. 22-2, at 3. The Final Agency Decision provided information about the right to file suit within ninety days in United States District Court. Dkt. 22-2.

On November 30, 2018, Plaintiff filed an initial complaint. Dkt. 1. On April 1, 2019, Plaintiff filed an Amended Complaint, which is the operative complaint. Dkt. 12. The operative

complaint provides two causes of action against Defendant: (1) denial of a reasonable accommodation in violation of the Rehabilitation Act and (2) retaliation in violation of the Rehabilitation Act. Dkt. 12.

C. PENDING MOTION

On January 15, 2020, Defendant filed the instant Motion for Partial Summary Judgment requesting dismissal with prejudice of Plaintiff's reasonable accommodation claim. Dkt. 18. On January 31, 2020, Plaintiff filed a response in opposition to the instant motion. Dkt. 24. On February 6, 2020, Defendant filed a reply in support of the instant motion. Dkt. 26.

II. DISCUSSION

A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. REASONABLE ACCOMMODATION CLAIM**

1. <u>Reasonable Accommodation Standard</u>

The Rehabilitation Act incorporates the standards of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §2101, *et seq.,* for claims alleging nonaffirmative action employment discrimination. *See, e.g., Newland v. Dalton,* 81 F.3d 904, 906 (9th Cir. 2006). In a disability discrimination claim based on failure to accommodate, a plaintiff must prove: (1) that he has a disability under the applicable statute; (2) that the federal agency had notice of his disability; (3) that he requested an accommodation due to his disability; (4) that he was a qualified individual able to perform the essential functions of his job with or without reasonable accommodations; and (5) that there were specific reasonable accommodations that the federal agency refused to provide. *See* 42 U.S.C. § 12112(b)(5)(A); s*ee also, e.g., Zivkovic v. S.*

*California Edison Co.*, 302 F.3d 1080, 1088–89 (9th Cir. 2002); *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).

A plaintiff must show that he was qualified for the position at the time of the alleged discrimination. *Johnson v. Bd. of Trs. of Boundary Cty. Sch. Dist. No. 101*, 666 F.3d 561, 564–65 (9th Cir. 2011). Courts use a two-step analysis to determine whether a plaintiff is otherwise qualified for a position: (1) he must have the requisite skills, experience, education, and other job-related requirements of the employment position such individual holds or desires, and (2) with or without reasonable accommodation, he must be able to perform the essential functions of the position. *Id.* at 565; 29 C.F.R. § 1630.2(m). "Unless a disabled individual independently satisfies the job prerequisites, she is not 'otherwise qualified,' and the employer is not obligated to furnish any reasonable accommodation that would enable her to perform the essential job functions." *Johnson*, 666 F.3d at 565–66.

2. Reasonable Accommodation Analysis

Plaintiff has not shown that he is a qualified individual for the NT Supervisor position because he does not have the prerequisite Supervisor Qualification. *See Johnson*, 666 F.3d at 567 (holding that a school board employer was not required by the ADA to accommodate a teacher's disability by granting her request for provisional authorization to teach without a teaching certificate). Although Plaintiff contends that other supervisors were not required to have the Supervisor Qualification or that the Supervisor Qualification should not be necessary, Plaintiff does not show that NT Supervisors are not required to have the Supervisor Qualification. Instead, it appears to be Defendant's policy that NT Supervisors are required to have the Supervisor Qualification. *See, e.g.,* Dkts. 20; 26, at 4; and 27-1, at 5. Plaintiff has not shown that he is otherwise qualified for the NT Supervisor position, nor does Plaintiff allege that the position's

Supervisor Qualification requirement is itself discriminatory. Therefore, the Court should grant Defendant's Motion for Partial Summary Judgment.

Defendant further claims that Plaintiff has not established that asking for a waiver of the Supervisor Qualification constitutes a request for reasonable accommodation. Dkt. 26, at 5–7. Because the Court finds that Plaintiff is not a qualified individual for the NT Supervisor position, there is no need to reach that issue at this time.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's Motion for Partial Summary Judgment (Dkt. 18) is **GRANTED.**

Plaintiff's reasonable accommodation claim is **DENIED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of February, 2020.

ROBERT J. BRYAN
United States District Judge